

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Henry Sebesta
County Attorney
Bastrop County
Bastrop, Texas

Dear Sir:

Opinion No. O-5651
Re: The authority of the District Court to permit the defendant to withdraw Notice of Appeal in a criminal case.

You request the department's opinion on the following facts:

"On the 2nd. day of February, 1944, Lessie Craft was convicted in our District Court of a felony and given a sentence in the State Penitentiary of 3 years. The court refused to grant a new trial and Defense Attorney gave Notice of Appeal. No bond has been furnished to date and defendant is still in jail. She notified the Court that she wishes to withdraw her Notice of Appeal and begin serving her sentence.

"Art. 828,CCP, reads in part: 'The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had, until the judgment of the appellate court is received by the court from which the appeal was taken, etc.'"

In Navorro v. State, (1940) 147 S. W. (2d) 1081,the court re-affirmed the general rule that after notice of appeal had been given, which had not been withdrawn, "the only thing which the trial court may do . . . is to substitute lost or destroyed records." Judge Beauchamp in the court's original opinion said: "There is no contention that the trial court did not have the power to set aside the order and that question

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTA

is not here passed upon" (top of page 1083, col. 1). However, Judge Hawkins in the opinion on the motion for rehearing stated: "The trial court was without jurisdiction to entertain the motion" to set aside his order overruling the defendant's motion for a new trial for the reason that "Said notice of appeal was never withdrawn." And here Judge Hawkins re-stated another general rule: "There is no question but that the trial court had control over its judgment and orders during the term at which they were entered, provided the court had not lost jurisdiction by reason of the notice of appeal. Said notice of appeal was never withdrawn." (Syl. 5-7,p. 1084).

However, in Tores v. State, (1914) 166 S. W. 523, at p. 526 (Syl. 14), it was held that an accused, who on the overruling of his motion for new trial gave notice in open court of an appeal, can then withdraw his notice of appeal -- as the trial court has control over its judgments during the term at which such judgment was rendered.

"During the term at which the judgment is rendered, the notice of appeal may be withdrawn and the jurisdiction of the trial court reinstated." Ex parte Maple, (1930) 33 S. W. (2d) 735, at p. 736.

"It is the well-settled law of the state that a defendant may waive every legal right except the right of trial by jury, and that may be waived now in certain cases and under certain circumstances. Hence, relator could waive all the errors, if any, which were committed in the trial of the case. He could also withdraw his notice of appeal, if he desired to do so, even though his attorney wished to appeal." Ex parte Wood, (1935) 87 S. W. (2d) 487, at p. 488.

The latest expression of the Court of Criminal Appeals on this question is Williams v. State, (1943) 170 S. W. (2d) 482, wherein that court, at p. 486, Syl. 6, 7, said:

"It is the general rule that a trial court has full power and control of its judgments, orders and decrees, during the term at which they have been made, and that, in the exercise of that

power, he may, at the same term of court, correct, modify, or set them aside. The rule has been recognized in cases involving notice of appeal. Under the express provisions of Art. 828,C.C.P., the giving of notice of appeal in a criminal case suspends and arrests all further proceedings in the case in the trial court, pending determination of the appeal, except to substitute lost papers or records in the case. Notwithstanding the statute mentioned, the trial court is empowered, under the general rule mentioned, at the request of the accused, during the same term of court, to set aside the notice of appeal." (Emphasis ours)

In the last analysis, our courts by construing the statutes declare the law and it is our duty to follow their construction; see Courts, 11 Tex. Jur. 838, par. 96; Statutes, 39 Tex. Jur. 174, par. 92.

Answering your question: we therefore say that the trial court, during the same term of court, may permit the defendant to withdraw her notice of appeal.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/

David Wuntch
Assistant

DW;db: rt

APPROVED MAY 9, 1944
/s/ GEO. P. BLACKBURN
ACTING ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
By B.W.B., CHAIRMAN